UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Quintin Taylor, | ) | C/A No.: 3:13-cv-02123-JFA-KDW |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| City of Columbia, | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff's Motion to Compel Written Discovery filed on December 16, 2013. ECF No. 14. Defendant filed an opposition to Plaintiff's motion on January 6, 2014. ECF No. 18.

Federal Rule of Civil Procedure 37 provides that if a party fails to respond to discovery, the party seeking discovery may move for an order compelling production. The decision to grant or to deny a motion to compel discovery rests within the broad discretion of the trial court. *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.,* 43 F.3d 922, 929 (4th Cir. 1995) (holding the "Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion.") (internal citation omitted); *LaRouche v. Nat'l Broad. Co., Inc.*, 780 F.2d 1134, 1139 (4th Cir. 1986) (holding "[a] motion to compel discovery is addressed to the sound discretion of the district court.").

Plaintiff seeks an order compelling Defendant to respond to his Requests for Production, #4 and #5, which seeks the personnel and internal affairs files of the purported arresting officers, John D. Griggs and Pete D. Conklin. Defendant objected to producing Officer Conklin's

personnel and internal affairs file contending Officer Conklin was not the arresting officer. Defendant states that it produced the information from Officer Griggs' personnel file concerning his job performance, but argued that the other information in the file is not relevant. Defendant further contends that Officer Griggs does not have an internal affairs file. Plaintiff has not responded to Defendant's assertions that it has now complied with Plaintiff's Requests for Production, #4 and #5.

Plaintiff also moves to compel Defendant to respond to his Requests for Production, #8, #9, #29, #30 and #31, which seeks information concerning other arrests made by the arresting officers. More specifically, #8 and #9 seeks the offense codes and incident reports for all arrests made 12 months before Plaintiff's arrest; #29 seeks incident reports for arrests made for drunkenness in 2012; #30 seeks incident reports involving 2012 arrests for interfering with police officer; and #31 seeks 2012 incident reports involving alcohol-related charges. Defendant contends that there are no 2012 incident reports for Officer Griggs for the charge interfering with police. Defendant objects to the remaining Requests for Production arguing they are not relevant and do not have any probative value concerning Plaintiff's arrest for interfering with an officer as Plaintiff was not arrested for drunkenness or any other alcohol-related charge. Defendant also argues that there is no probative reason for it to compile unrelated incident reports for a 12-month period for all offenses charged by Officers Griggs and Conklin because Plaintiff's Complaint does not contain allegations concerning Defendant's custom, usage, or practice of arresting persons for conduct-based speech.

The court has reviewed Defendant's objections to Plaintiff's Requests for Production Numbers 4, 5, 8, 9, 29, 30, and 31 and finds that Defendant's relevancy objections are well founded. The court finds that Defendant has sufficiently responded to Plaintiff's Requests for

Production Numbers 4, 5, 8, 9, 29, 30, and 31 and has provided Plaintiff with documents and material relevant to the prosecution of his case. Accordingly, Plaintiff's Motion to Compel and request for attorney fees, ECF No. 14, is denied.

    IT IS SO ORDERED.

February 10, 2014                                                   Kaymani D. West  
Florence, South Carolina                            United States Magistrate Judge